Donald J. Kravet (DK 2772)
KRAVET & VOGEL, LLP
1040 Avenue of the Americas, Suite 1101
New York, New York 10018
Tel.: 212-997-7634
Fax: 212-997-7686
Email: dkravet@kvnyc.com

*Attorneys for Defendants*
  *The Slane Company, Ltd., Charles Slane*
    *and Daniel Slane*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WALDEN FEDERAL SAVINGS AND LOAN
ASSOCIATION,

                      Plaintiff,

    -against-

THE SLANE COMPANY, LTD, CHARLES
SLANE and DANIEL SLANE,

                      Defendants.
------------------------------------------------------------------x

ECF CASE

Case No. 09 CV 1042 (SCR)

**ANSWER and**
**JURY DEMAND**

       Defendants, The Slane Company, Ltd., Charles Slane and Daniel Slane (individually and/or collectively, "Defendants"), by their attorneys, Kravet & Vogel, LLP, as and for their Answer to the Complaint in the above captioned matter, dated February 4, 2009 (the "Complaint") allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

       2.     Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Defendants did enter into a guaranty of payment, and respectfully refer the Court to the document(s) referenced therein for its true and full terms, conditions, content and legal effect.

3. Deny the allegations set forth in paragraph 3 of the Complaint, except admit that Charles Slane is an individual residing at 9780 Winhale Farm Circle, Galena, Ohio 43021, did enter into a guaranty of payment, and respectfully refer the Court to the document(s) referenced therein for its true and full terms, conditions, content and legal effect.

4. Deny the allegations set forth in paragraph 4 of the Complaint, except admit that Daniel Slane is an individual residing at 7648 Silver Lake Court, Westerville, Ohio 43082, did enter into a guaranty of payment, and respectfully refer the Court to the document(s) referenced therein for its true and full terms, conditions, content and legal effect.

5. Admit the allegations set forth in paragraph 5 of the Complaint.

6. Denies the allegations of paragraph 6 of the Complaint and affirmatively avers that the Southern District of New York is an inconvenient forum for Defendants who are headquartered and/or reside in Ohio, which is also the location where all material witnesses and records are located.

7. Admit the allegations set forth in paragraph 7 of the Complaint.

8. Admit the allegations set forth in paragraph 8 of the Complaint, but refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

9. Admit the allegations set forth in paragraph 9 of the Complaint, but refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

10. Deny the allegation, set forth in paragraph 10 of the Complaint, that the Adjustable Rate Note "bears the 'irrevocable, unconditional, joint and several guaranty of payment'" by Defendant Charles Slane, Daniel Slane and The Slane Company, and respectfully

refer the Court to the documents referenced therein for its true and full terms, conditions, content and legal effect.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

14.     Paragraph 14 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Deny the allegations set forth in paragraph 17 of the Complaint except admit that Defendants have failed to pay sums demanded by Plaintiffs, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

18. Admit the allegations set forth in paragraph 18 of the Complaint, but refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

19. Deny the allegations of paragraph 19 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

20. Repeat and reallege the above responses to paragraphs 1 through 19 of the Complaint, as though fully set forth herein.

21. Admit the allegations set forth in paragraph 21 of the Complaint.

22. Admit the allegations set forth in paragraph 22 of the Complaint, but refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

23. Admit the allegations set forth in paragraph 23 of the Complaint, but refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

24. Deny the allegations set forth in paragraph 24 of the Complaint, and affirmatively aver that Exhibit G to the Complaint, which purports to be a Guaranty of a certain Note and

Mortgage "dated the date hereof," is itself not dated, and thus does not Guaranty any particular Note and Mortgage, and refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

25. Admit the allegations set forth in paragraph 25 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

26. Deny the allegations set forth in paragraph 26 of the Complaint and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

30. Paragraph 30 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33. Deny the allegations set forth in paragraph 33 of the Complaint except admit that Defendants have failed to pay sums demanded by Plaintiffs, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

34. Deny the allegations set forth in paragraph 34 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

35. Deny the allegations of paragraph 35 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

36. Repeat and reallege the above responses to paragraphs 1 through 35 of the Complaint, as though fully set forth herein.

37. Admit the allegations set forth in paragraph 37 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

38. Admit the allegations set forth in paragraph 38 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

39. Deny the allegations set forth in paragraph 39 of the Complaint and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

40. Admit the allegations set forth in paragraph 40 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

41. Admit the allegations set forth in paragraph 41 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

42. Deny the allegations set forth in paragraph 42 of the Complaint, and affirmatively aver that Exhibit L to the Complaint, which purports to be a Guaranty of a certain Note and Mortgage "dated the date hereof," is itself not dated, and thus does not Guaranty any particular Note and Mortgage, and refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not require a responsive pleading, but to the extent a response is required, deny the allegations.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Deny the allegations set forth in paragraph 49 of the Complaint except admit that Defendants have failed to pay sums demanded by Plaintiffs, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

50. Deny the allegations set forth in paragraph 50 of the Complaint, but respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal effect.

51. Deny the allegations of paragraph 51 of the Complaint, and respectfully refer the Court to the document referenced therein for its true and full terms, conditions, content and legal

effect, and affirmatively aver that Defendants' time to perform on any alleged debt to Plaintiff should be extended due to impossibility of performance and temporary commercial impracticability caused by the still existing and unanticipated global credit crisis which has presently frozen and made impossible Defendants' ability to obtain financing to pay any obligations that may be due under the Guaranty referenced therein, the nonoccurrence of which credit crisis and freeze was a basic assumption of Defendants' entering into the Guaranty referenced therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

52.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

53.     The doctrine of temporary commercial impracticability, as recognized by Restatement (Second) of Contracts § 269 (1981), temporarily suspends and extends the Defendants' time to perform any alleged payment obligations in the Complaint, until such time that the current and continuing unprecedented global credit freeze has dissipated and for a reasonable period thereafter to allow the Defendants sufficient time to obtain financing they have been unable to obtain due to such credit freeze.

### THIRD AFFIRMATIVE DEFENSE

54.     The Court lacks personal jurisdiction over defendants Charles Slane and Daniel Slane.

**WHEREFORE**, judgment should be entered in favor of Defendants, dismissing the Complaint in its entirely, with costs and disbursements awarded to Defendants, and granting such other and further relief as to the Court appears just and proper.

**JURY DEMAND**

      A trial by jury is hereby demanded on all issues.

Dated:   New York, New York
           March 30, 2009

                                              **KRAVET & VOGEL, LLP**

                                              By:  _/s/ Donald J. Kravet_____
                                                    Donald J. Kravet (DK-2772)

                                          1040 Avenue of the Americas, Suite 1101
                                          New York, New York 10018-3703
                                          Tel. 212-997-7634
                                          dkravet@kvnyc.com

                                          *Attorneys for Defendants*
                                          *The Slane Company, Ltd., Charles Slane*
                                          *and Daniel Slane*


To:

Jacobowitz and Gubits, LLP
158 Orange Avenue, P.O. Box 367
Walden, New York 12586-0367
Tel. 845-778-2121

*Attorneys for Plaintiff*
*Walden Federal Savings and Loan Association*